Citation Nr: 1220796 
Decision Date: 06/14/12 Archive Date: 06/22/12

DOCKET NO. 09-06 883 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUE

Entitlement to compensation under U.S.C.A. § 1151 for a residual scar, second degree burn, to the right calf, as a result of a course of treatment received from a Department of Veterans medical facility.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Kristy L. Zadora, Associate Counsel


INTRODUCTION

The Veteran had active duty service from October 1967 to June 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of an October 2007 rating decision issued by the Buffalo, New York Regional Office (RO) of the Department of Veterans Affairs (VA) which denied the Veteran's claim of entitlement to compensation under 38 U.S.C.A. § 1151 (West 2002) for a residual scar, second degree burn, to the right calf.

A review of the Virtual VA paperless claims processing system does not reveal any additional documents pertinent to the present appeal.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, D.C. VA will notify the Veteran if further action is required.


REMAND

In September 2007, the Veteran injured his right calf muscle while running for a city bus. He initially presented to VA on September 25, 2007, and a calf muscle strain was assessed following a physical examination. He was instructed to wrap from his ankle to just below the knee with an ace bandage and apply ice after walking. The VA provider noted that the Veteran required very precise instructions.

On October 1, 2007, the Veteran presented to VA with continued complaints of calf pain. He was instructed to elevate his leg and apply a heating pad for 60 minutes three times per day. He returned to the VA clinic on October 12, 2007, reporting that his right leg had been burned from a questionably defective heating pad. A second degree burn from the application of heat was later assessed and treated. In February 2008, it was noted that the Veteran's burn wound from the heating pad was healed with resulting scar tissue of the right calf.

The Veteran claims, under 38 U.S.C.A. § 1151, that he sustained a second degree burn and residual scarring of the right calf, as a result of not being instructed by VA on the proper use of the heating pad issued to him by VA in the furtherance of his course of VA treatment for a severe muscle strain to the right calf.

A medical opinion is needed to determine whether the Veteran's residual scar, second degree burn, of the right calf resulted from the purported improper care; or whether it was a reasonably unforeseeable consequence of such treatment.

Accordingly, the case is REMANDED for the following action:

1. The RO/AMC should obtain a medical opinion, and if deemed necessary afford the Veteran a VA examination, to determine the Veteran's residual scar, second degree burn, of the right calf is a foreseeable or unforeseeable consequence of treatment provided by VA in connection with his September 2007 right calf muscle strain. The examiner should review the claims folder and note such review in the examination report. 

The examiner is asked to furnish an opinion with respect to the following questions:

a) Was the Veteran's second degree burn (of the right calf) caused by carelessness, negligence, the lack of proper skill, error in judgment or a similar instance of fault on VA's part in furnishing the medical treatment in connection with the September 2007 right calf muscle strain? In answering this question, the examiner should specifically comment on the proper use and instructions for use of a heating pad as a course of treatment for muscle strain of the right calf. Please explain your answer.

b) Was the Veteran's second degree burn (of the right calf) an event that a reasonable health care provider would not have considered to be an ordinary risk from using a heating pad (applied to the skin for approximately 25 to 30 minutes) as a course of treatment for the right calf muscle strain? Please explain your answer.

A complete explanation should be given for each opinion expressed. In this regard, a discussion of the facts and medical principles involved would be considerable assistance to the Board.

2. The RO/AMC should review the examination report(s) to insure that it (they) contain all findings and opinions requested in the remand

3. If any claim on appeal remains denied, the RO/AMC should issue a supplemental statement of the case before returning the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).




_________________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).